In the Matter of SOLID WASTE DISPOS-
AL PERMIT APPLICATION By the
CITY OF SIOUX FALLS for a Site Lo-
cated at NW ¼, S 18, T 100 N, R 51 W,
Lincoln County, South Dakota.

No. 12307.

Supreme Court of South Dakota.

Argued May 11, 1978.

Decided July 27, 1978.

Richard E. Bogue, State's Atty. for Lincoln County, Canton, for appellant, Lincoln County, South Dakota.

Sam W. Masten, Jeff Masten, Canton, for appellants, Delapre Township and George Vandel Jr., Royce Halling, Connie Reichelt, Joann Breed, Tom Chada, George Knock, Individually and in representation of a Citizen's Protest Group.

Warren R. Neufeld, Asst. Atty. Gen., Pierre, for respondent, Dept. of Environmental Protection; William J. Janklow, Atty. Gen., Pierre, on brief.

Roger A. Schiager of Schiager, Schiager & Sechser, Sioux Falls, for respondent, City of Sioux Falls.

YOUNG, Circuit Judge.

This case is on appeal from the circuit court's affirmance of the South Dakota Board of Environmental Protection's decision granting the City of Sioux Falls a permit to operate a solid waste disposal facility at a location some nine miles southwest of Sioux Falls in Delapre Township, Lincoln County, South Dakota. At the hearing held before the South Dakota Board of Environmental Protection (Board), Lincoln County, Delapre Township and a Citizens' Protest Group appeared in opposition to the proposed permit while the South Dakota Department of Environmental Protection (Department) and the City of Sioux Falls (City) presented the evidence in support of the proposed permit. Lincoln County, Delapre Township and the Citizens' Protest Group are now appealing the circuit court decision while the Department and City are seeking an affirmance of that action. The following facts gave rise to this controversy concerning this proposed site.

The land in question (hereinafter site) was previously owned by Arthur B. Johnson and Violet V. Johnson. The site was purchased by the Sioux Falls Development Foundation, Inc., as a part of a larger tract at a public auction. A contract for deed for the sale of the land was entered into by the parties on April 3, 1975. The Foundation assigned the land constituting the proposed site to the City on July 1, 1975, and quit claimed the land in question to the City on October 23, 1975.

On or about April 11, 1975, the Department was notified that the City intended to use the site in question for a solid waste disposal facility. From that date through December 3, 1975, information concerning the site was submitted to the Department. Additionally, a formal application to operate a solid waste disposal site dated December 3, 1975, was also submitted to the Department.

On December 15, 1975, the Department issued a tentative decision, a proposed permit and a recommendation to the Board that the permit application be approved. Notice of the Department's tentative decision was published in the *Sioux Falls Argus Leader* on December 22, 1975.

On January 21, 1976, the Secretary of the Department filed a petition with the Board requesting that a contested case hearing on the permit application in question be held. On February 3, 1976 the Board granted the Department's request for a contested case hearing. The hearing was scheduled for March 4, 1976. Public notice of the hearing was published in the *Sioux Falls Argus Leader* on February 17, 1976, and in the *Canton Sioux Valley News* on February 18, 1976.

On May 26, 1976, the Board entered its decision granting the permit and its findings of fact and conclusions of law in support thereof. The Board's decision was appealed to the circuit court for Lincoln County, then in the Second Judicial Circuit, now in the First Judicial Circuit. On June 16, 1977, the circuit court entered an order affirming the Board's decision and dismissing the appeal.

In addition to this action involving the Board's approval of the permit for this proposed solid waste disposal site, the City's attempts to establish this site for solid waste disposal have been the subject of injunctive relief sought by Lincoln County and Delapre Township. The history of the dispute and the most current ruling of this court on those actions for injunctive relief can be found in *Lincoln County v. Johnson,* S.D., 257 N.W.2d 453 (1977).

In commenting on the Board's decision to grant the permit for a solid waste disposal facility at this location in *Lincoln County v. Johnson,* supra, we observe that:

The Board adopted the position that its quasi-judicial authority extends only to the approval, denial, revocation or modification of solid waste and disposal permits, based on the suitability of the site with regard to disposal criteria, such as danger to water quality, the proximity of the site

to highways and public parks, and also to operational factors including operational methods, site improvements necessary to proper operation, and proper closure. 257 N.W.2d at 454.

The Department argues that the Board correctly curtailed its jurisdiction. The parties who oppose the granting of the permit contend that the Board should have considered factors in addition to the suitability of the site to meet certain disposal requirements. Thus, the posture of the case is most unusual because the administrative board seeks to limit its jurisdiction sharply while the contesting parties desire to expand the Board's jurisdiction.

The appellants urge that the Board must take a "hard look" at all the relevant factors concerning the suitability of the site. These factors include, but are not limited to, transportation, aesthetics, zoning ordinances and methods of collection. In support of the proposition that an agency must take a "hard look" at all the relevant factors which relate to an administrative decision, the appellants have cited numerous federal cases involving a wide spectrum of administrative agencies. See, e.g., *Greater Boston Television Corp. v. Federal Communications Commission,* 143 D.C.App. 383, 444 F.2d 841 (1970), cert. denied, 403 U.S. 923, 91 S.Ct. 2229, 2233, 29 L.Ed.2d 701 (1971). Although these "hard look" cases provide interesting reading, the real issue is whether the Board had the statutory authority to take a "hard look" at all the factors which the appellants deem relevant to the consideration of a solid waste disposal permit application.

It is axiomatic that an administrative agency can only exercise the jurisdiction which has been delegated to it by the Legislature. See, e.g., *Valley State Bank of Canton v. Farmers State Bank of Canton,* 87 S.D. 614, 213 N.W.2d 459 (1973); *Affiliated Distillers Brands Corp. v. Gillis,* 81 S.D. 44, 130 N.W.2d 597 (1964); and *Application of Megan,* 69 S.D. 1, 5 N.W.2d 729 (1942). Therefore, this court must determine if the Board correctly construed the scope of its quasi-judicial jurisdiction concerning permit applications as that jurisdiction has been conferred by statute.

A comparison between SDCL 34A–6–5, which establishes the Board's general rule-making power, and SDCL 34A–6–8, which deals with the establishment of permit requirements for solid waste disposal, substantiates the Department's and Board's position that the quasi-judicial jurisdiction of the Board granted by SDCL 34A–6–8 is severely limited. In pertinent part, SDCL 34A–6–5 provides that:

> The board of environmental protection is empowered to adopt and promulgate rules and standards for the collection, transportation, processing, resource recovery and disposal of solid wastes.

Rather than enumerating a list of matters which the Board should consider in determining whether to grant or deny a permit application, SDCL 34A–6–8 is couched in limited terms. In relevant part, that statute states:

> The board shall establish, by rule a solid waste disposal permit system necessary to prevent, abate, or control unauthorized or unapproved disposal of solid wastes.

Pursuant to this legislative mandate, the Board adopted rules, 1974 ARSD 34:13:04, specifically relating to the application requirements for a solid waste disposal permit. The Board's quasi-judicial authority in dealing with permits is specifically limited by statute, and administrative rules enacted pursuant to statute, to matters of disposal. In the absence of a mandate from the legislature to the agency requiring the type of amorphous "hard look" which the appellants have requested, this court rejects the "hard look" approach. This court finds that the Board's jurisdiction in dealing with permit applications is delineated in SDCL 34A–6–8 and confined by that statute. The Board did take a "hard look" at those factors which it is empowered to consider pursuant to SDCL 34A–6–8.

Not only are the limitations on the Board's quasi-judicial authority in acting upon permit applications controlled by statute, the effect of this construction is to leave matters of local concern to be dealt

with by local officials. As far as zoning problems are concerned, in *Lincoln County v. Johnson,* supra, we found:

> If the proposed use is nonconforming the intruding unit should apply to the host unit's zoning authority for a specific exception or for a change in zoning, whichever is appropriate. The host zoning authority is then in a position to consider and weigh the applicant's need for the use in question and its effect upon the host unit's zoning plan, neighboring property, environmental impact, and the myriad other relevant factors to be considered for modern land use planning and control. If the intruding unit is dissatisfied with the decision of the host zoning authority it may seek appropriate judicial review, wherein the circuit court can balance the competing public and private interests essential to an equitable resolution of the conflict. In addition to the zoning factors considered by the host authority the trial court can consider the applicant's legislative grant of authority, the public need therefor, alternative locations in less restrictive zoning areas and alternative methods for providing the needed improvements. 257 N.W.2d at 457–458.

The appellants have been granted a local forum in which all the relevant factors they want to present may be more appropriately considered. To grant the Board jurisdiction beyond that conferred by SDCL 34A–6–8 would not only be erroneous but also duplicitous in light of our holding in *Lincoln County v. Johnson,* supra.

The appellants have also asserted that any action on the permit application by the Board should have been postponed until the appellants' action in circuit court, which we ruled on in *Lincoln County v. Johnson,* supra, had been concluded. We find no support for or merit in this argument. Therefore, we conclude that the Board did not err by considering and ruling upon the solid waste disposal permit application on May 26, 1976.

Appellants have summarily asserted that the Board's decision was not supported by substantial evidence and was arbitrary and capricious. Applying the standard of review of an administrative decision as set forth in SDCL 1–26–36 and as interpreted in *Application of Ed Phillips & Sons Company,* 86 S.D. 326, 336, 195 N.W.2d 400, 405 (1972), we find that the Board's decision was supported by substantial evidence on the whole record and was neither arbitrary nor capricious.

This court must also determine whether the Board was required to consider reasonable alternatives to this site pursuant to SDCL 34A–10–8, **Detrimental conduct prohibited when reasonable alternatives available.** Although it does not appear that the appellants filed the proper pleading under SDCL 34A–10–2 to bring Chapter 34A–10, **Remedies for Protection of Environment** into effect, the Board considered SDCL 34A–10–8 in its Findings of Fact and Conclusions of Law. Therefore, we consider the issue of the applicability of SDCL 34A–10–8 to be properly before us.

> SDCL 34A–10–8 provides as follows:
> In any such administrative, licensing or other proceedings, as described in § 34A–10–2, and in any judicial review thereof, any alleged pollution, impairment or destruction of the air, water or other natural resources or the public trust therein, shall be determined, and no conduct shall be authorized or approved which does, or is likely to have such effect so long as there is a feasible and prudent alternative consistent with the reasonable requirements of the public health, safety and welfare.

Although the appellants attempted to present evidence which might well have shown that the contemplated conduct would be likely to pollute, they neither attempted to present any evidence nor made any offer of proof involving any "feasible and prudent alternative." Before the appellants could be entitled to relief pursuant to this statute, they were required to show both that the conduct to be authorized would be likely to pollute and that there was an available, feasible and prudent alternative. Their failure to satisfy or even attempt to

satisfy the second portion of this test precludes any relief under this statute. We decline to consider the applicability of any other section of Chapter 34A–10 because no proper pleading was filed and the Board made no Findings or Conclusions on any section other than SDCL 34A–10–8.

In summary, we hold that the Department and Board have correctly interpreted the scope of the Board's quasi-judicial authority in exercising jurisdiction over solid waste disposal permit applications. Furthermore, we hold that the appellants did not make the showing required as a prerequisite to relief pursuant to SDCL 34A–10–8.

The judgment is affirmed.

All the Justices concur.

YOUNG, Circuit Judge, sitting for DUNN, Chief Justice, disqualified.